## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JERRY LEE MCCABE,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil Case No.   06-484-DRH-PMF |
| | ) |
| **TIMOTHY J. BUDZ,** | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is respondent's motion to dismiss (Doc. No. 13). Jerry Lee McCabe filed this § 2241 petition for a writ of habeas corpus, challenging a December 17, 1999, order for detention in civil commitment proceedings in Madison County, Illinois. That order directs detention at a facility approved by the Illinois Department of Human Services. McCabe claims that the trial court's *ex parte* detention order deprived him of his liberty in violation of his rights to counsel and due process. Specifically, he claims the court acted without jurisdiction, based the decision on unsworn and unverified allegations, and failed to provide a fair opportunity to defend the allegations. He further claims that he did not receive an opportunity to obtain appellate review of the order in order to argue that it was void. The motion is opposed (Doc. No. 16).[1]

In their briefs, the parties have accurately set forth the relevant procedural background, which is summarized here. In 1986, McCabe was convicted on state charges and sentenced to serve a term of imprisonment. In 1999, shortly before McCabe was scheduled to be placed on mandatory

---

[1] A careful review of the petition shows that McCabe is not challenging the constitutionality of his 1986 conviction in Madison County, Illinois, of various criminal offenses.

supervised release, the State of Illinois filed a petition in the Circuit Court for Madison County, seeking an order committing McCabe to the custody of the Department of Human Services for control, care, and treatment pursuant to the Sexually Violent Persons Commitment Act. On December 17, 1999, petitioner was ordered detained by the Illinois Department of Corrections. Following a hearing, probable cause to detain petitioner as a sexually violent person was found. Petitioner is detained at the Illinois Department of Human Resources Treatment and Detention Facility, currently located in Rushville, Illinois. The civil commitment proceedings are ongoing; efforts to bring those proceedings to a conclusion have been unsuccessful.

Petitioner has challenged his civil detention by filing multiple motions and collateral proceedings, including a February, 2002, federal petition for a writ of habeas corpus; an August, 2002, federal petition for a writ of habeas corpus; a September, 2002, post conviction petition; a June, 2003, state petition for a writ of habeas corpus; a January, 2005, federal petition for a writ of habeas corpus; and a March, 2005, state petition for a writ of habeas corpus. The first federal petition seeking habeas corpus relief was dismissed as premature. Challenges to McCabe's civil detention in the second federal habeas petition were also dismissed as premature. The third federal petition for habeas corpus relief was dismissed without prejudice. In that proceeding, Judge Stiehl found it appropriate to require petitioner to exhaust all avenues of state relief before seeking collateral review. *McCabe v. Budz*, Case No. 05-14-WDS (Dec. 20, 2005). Petitioner did not appeal any of those judgments.

Respondent seeks dismissal, claiming that petitioner's challenge is still premature because the state court proceedings are not complete and state court review will be available to McCabe if he is civilly committed. Petitioner responds that he has exhausted available state court remedies.

As a matter of comity, federal courts may require that detainees exhaust all avenues of state

relief before seeking habeas relief.  *United States v. Castor*, 937 F.2d 293, 296-96 (7th Cir. 1991).  The exhaustion doctrine recognizes that state and federal courts are bound to apply and enforce federal law.  *Baldwin v. Lewis*, 442 F.2d 29, 32 (7th Cir.1971).  Upon resolution of the state court case, this action may be moot.  If McCabe is ultimately committed for control, care, and treatment, he may seek state court review of that decision and may present his constitutional claims at that time.  The circumstances do not justify federal interference with ongoing state court proceedings.

This is McCabe's fourth effort to obtain federal habeas review of pretrial rulings in his civil commitment case.  He has been told repeatedly that habeas review will be available if the state court proceedings result in commitment and constitutional errors are not corrected by the state court.  Petitioner's premature attacks on pretrial proceedings in the state court are approaching the level of abusive litigation.  Fed. R. Civ. P. 11;  *McCleskey v. Zant*, 499 U.S. 467, 483-84 (1991).

IT IS RECOMMENDED that respondent's motion (Doc. No. 13) be GRANTED.  This action should be dismissed without prejudice.

**SUBMITTED:  July 23, 2007   .**

> *s/Philip M. Frazier*
> **PHILIP M. FRAZIER**
> **UNITED STATES MAGISTRATE JUDGE**