IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JERRY LEE MCCABE**,

**Petitioner,**

**v.**

**TIMOTHY J. BUDZ,**

**Respondent.**                                              **No. 06-0484-DRH**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

Pending before the Court is a Report and Recommendation ("the Report") submitted by Magistrate Judge Philip M. Frazier recommending that the Court dismiss without prejudice as premature McCabe's petition for writ of habeas corpus (Doc. 17). McCabe filed objections to the Report (Doc. 18). Based on the following, the Court adopts the Report.

This is McCabe's fourth petition for writ of habeas corpus. Because the procedural history of this case is lengthy, it is more fully recounted in both the Respondent's motion to dismiss and McCabe's response. Thus, the Court offers this summary. McCabe was found guilty in 1986 on state charges and was sentenced to a term of imprisonment of thirty years in the Illinois Department of Corrections. On

December 17, 1999, the State of Illinois filed a petition in the Madison County, Illinois Circuit Court seeking McCabe's commitment as a sexually violent individual under the Sexually Violent Persons Commitment Act ("SVPCA"), **725 ILCS 207/2/ et seq**. This petition was filed shortly before McCabe was scheduled to be placed on mandatory supervised release. That same day, the Madison County, Illinois Circuit Court issued an ex parte order for detention and set a probably cause hearing for December 27, 1999. After the probable cause hearing, the Madison County, Illinois Circuit Court entered an order finding that probable cause existed to detain McCabe as a sexually violent person under the SVPCA. Currently, McCabe is detained at the Illinois Department of Human Resources Treatment and Detention Facility in Rushville, Illinois. The civil commitment proceedings are ongoing. To date, there has not been a trial.

Since the Madison County, Illinois Circuit Court entered its order of probable cause, McCabe has challenged his civil detention under the SVPCA by filing numerous motions and collateral proceedings. These include the following: a February 2002 federal petition for writ of habeas corpus; an August 2002 federal petition for writ of habeas corpus; a September 2002 post-conviction petition; a June 2003 state petition for writ of habeas corpus; a January 2005 federal petition for writ of habeas corpus; and a March 2005 state petition for writ of habeas corpus. All of the federal petitions for writ of habeas corpus were dismissed without prejudice: two dismissed as premature and the other one dismissed for failure to exhaust state court remedies, **see *McCabe v. Budz*, 05-0014-WDS (Doc. 23)**.

McCabe did not appeal any of these decisions.

On June 20, 2006, the Clerk of the Court received McCabe's file from the United States District Court for the Northern District of Illinois (Doc. 1).[1] McCabe's petition writ for habeas corpus pursuant to **28 U.S.C. § 2241** alleges: (1) "The Statutory Scheme For the Time For Filing Civil Commitment Actions Under 725 ILCS 207/15 (b-5)(1) Operated To Deny The Petitioner Procedural Due Process of Law Because He Was Never Released From a Department of Corrections Correctional Facility When He Entered Into Mandatory Supervised Release, in violation of the Fourteenth Amendment to the United States Constitution." and (2) The Statutory Scheme Under 725 ILCS 207/5(b) Operated To Deny The Petitioner Procedural Due Process of Law Because This Statute Redefines Petitioner's Mens Rea **AFTER CONVICTION** By Excluding The 'Principles of Criminal Liability" And Requiring Proof of a Mental Disorder and Diminished Volitional Capacity That Bears No Direct Relationship To Any Element of the Offense Under Illinois Revised Statute. Chapter 38, Par. 12-14(a) and 725 ILCS 207/5(e)(1), Rendering Petitioner's Criminal Convictions and Sentences Invalid and Therefore Unconstitutional in violation of the Fourteenth Amendment to the United States Constitution." (Doc. 2). On September 22, 2006, Respondent filed a motion to dismiss arguing that McCabe's petition for writ of habeas corpus should be dismissed for failure to exhaust State court

---

[1] On June 22, 2005, United States District Judge John A. Nordberg transferred this case to this judicial district. However, the file was not transmitted to this judicial district until June 14, 2006.

remedies (Doc. 13). Specifically, Respondent argues that McCabe's petition is premature because the state court proceedings are not complete and state court review will be available to McCabe if he is civilly committed. McCabe filed a reply opposing the motion to dismiss arguing that he has exhausted his state court remedies on October 10, 2006 (Doc. 16). On July 23, 2007 Magistrate Judge Frazier entered a Report pursuant to **28 U.S.C. § 636(b)(1)(B)** (Doc. 17). The Report recommends that the Court grant Respondent's motion to dismiss and dismiss without prejudice McCabe's petition for writ of habeas corpus as premature.

The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within ten days of service of the Report. To date, McCabe filed objections to the Report (Doc. 18). Since timely objections have been filed, this Court must undertake *de novo* review of the Report. **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); Southern District of Illinois Local Rule 73.1(b); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject or modify the recommended decision." ***Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999)**. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. ***Id.***

## II. Analysis

McCabe objects to the Report arguing that he has satisfied the exhaustion requirement. While [state pretrial detainees seeking § 2241 relief] are not

subject to the statutory requirement of exhaustion of remedies, 28 U.S.C. § 2254(b)(1998)(exhausting state remedies required of 'person in custody pursuant to the judgment of a State court'), federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." ***United States v. Castor*, 937 F.2d 293, 296 (7th Cir. 1991)(citing *Baldwin v. Lewis*, 442 F.2d 29, 31-33 (7th Cir. 1971))**.

With regard to the Report and petition at issue here, the Court determines that Magistrate Judge Frazier made a correct finding that as a matter of comity this matter should be dismissed without prejudice and McCabe should exhaust the state court remedies. McCabe's objections only demonstrate a misunderstanding of the law. Based on the record, it appears that the state court proceedings are still pending. Once the state court proceedings are resolved, there is a chance that this case may be moot. However, if McCabe is committed for control, care and treatment, he may seek state court review of that decision and may present his constitutional claims at that time. For these reasons, McCabe's petition is premature. Therefore, while the Court is aware that it has the discretion to address the merits of McCabe's petition, the Court declines to do so. His objections present no reason for the Court to find otherwise. Based on a de novo review of the Report and McCabe's objections, the Court **ADOPTS** the Report.

### III. Conclusion

Accordingly, the Court **ADOPTS** the Report (Doc. 17); **GRANTS**

Respondent's motion to dismiss the petition for failure to exhaust State court remedies (Doc. 13) and **DISMISSES without prejudice** McCabe's petition for writ of habeas corpus pursuant to **28 U.S.C. § 2241**.

    **IT IS SO ORDERED.**

    Signed this 10th day of August, 2007.

    /s/    David   RHerndon
**United States District Judge**