IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JERRY LEE MCCABE**,

**Petitioner,**

**v.**

**TIMOTHY J. BUDZ,**

**Respondent.**                                    **No. 06-0484-DRH**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

On August 10, 2007, the Court dismissed without prejudice McCabe's 28 U.S.C. § 2241 petition for failure to exhaust State court remedies (Doc. 19). On August 23, 2007, McCabe filed his notice of appeal (Doc. 20). Now before the Court is McCabe's motion for certificate of appealability (Doc. 22) and his motion for leave to proceed in forma pauperis on appeal (Doc. 26).

Under 28 U.S.C. § 2253, a habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition; instead, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* **537 U.S. 322, 335, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003)**. "The purpose of requiring a certificate of appealability is to conserve judicial resources by screening out clearly unmeritorious appeals." ***Buie v. McAdory,* 322 F.3d 980, 981 (7th Cir. 2003)**.

A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. ***Miller-El,* 537 U.S. at 336;** ***Cosby v. Sigler,* 435 F.3d 702, 708 (7th Cir. 2006)**. Under this standard, McCabe must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. " ***Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000))**. While a petitioner seeking a COA need not demonstrate that he will prevail on appeal, he "must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." ***Miller-El,* 537 U.S. at 338 (internal quotation marks and citation omitted)**.

Upon view of the record, the Court finds that pursuant to the § 102 of the Antiterrorism and Effective Death Penalty Act of 1996, **28 U.S.C. § 2253**, the Court certifies that McCabe has not made a substantial showing in his motion under **28 U.S.C. § 2241** of the denial of a constitutional right, and therefore, **DECLINES** to issue a certificate of appealability. Accordingly, the Court **DENIES** McCabe's motion for certificate of appealability (Doc. 22).

As to the motion to proceed in forma paupers on appeal, in general a defendant who is found eligible to proceed in forma pauperis in a district court may proceed on appeal in forma pauperis without further authorization unless the district court certifies that the appeal is not taken in good faith or that the party is otherwise

not entitled to proceed in forma pauperis on appeal. **See Fed. R. App. P. 24(a)(3)**.

McCabe was granted leave to proceed in forma pauperis in this matter on August 18, 2006 (Doc. 7). As discussed, the Court has concluded that McCabe has failed to make a substantial showing of the denial of a constitutional right so as to warrant a grant of a certificate of appealability. However, the standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith for purposes of proceeding in forma pauperis on appeal. **See Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000)**. To conclude that an appeal is in good faith, "a court need only find that a reasonable person could suppose that the appeal has some merit." *Id.* **at 632 (citing Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000))**. Thus, an unsuccessful movant for relief may proceed in forma pauperis on appeal even after a district court has denied issuance of a certificate of appealability. *See id.* **(concluding that an appeal can be taken in good faith even though a certificate of appealability has been denied);** *Branch,* **2004 WL 2033056, at \*4 (same)**. In the instant case, the Court believes that, although McCabe's asserted grounds for appeal are meritless, they have been raised in good faith. Therefore, the Court will not certify that McCabe's appeal is taken in bad faith. Thus, the Court **GRANTS** McCabe's motion for leave to proceed in forma pauperis on appeal (Doc. 26).

Accordingly, the Court **DENIES** McCabe's motion for certificate of appealability (Doc. 22) and **GRANTS** McCabe's motion for leave to proceed in forma

pauperis on appeal (Doc. 26).

**IT IS SO ORDERED.**

Signed this 19th day of September, 2007.

/s/     DavidRHerndon
**United States District Judge**